Milligan, J.,
delivered the opinion of the Court.
This is an action commenced before a Justice of the Peace of Carroll County, upon the following obligation:
*532 “On or before tbe 25th of December next, we or either of us, promise to pay FT. C. Humble, the sum of one hundred and thirty dollars, for the hire of a boy, Joe. We promise to find him two winter suits, two pair of shoes and socks, wool hat and blanket.
“FRánk Hawkins, [Seal.]
“Polly Gr. Hawkins, [Seal.]”
On the back of the note, the following indorsement appears:
“This note is entitled to a' credit of forty-seven dollars and twenty-seven cents, at the time it fell due.”
The warrant issued against A. Gr. Hawkins, administrator of Frank Hawkins, deceased, and Polly Gr. Hawkins; and was subsequently dismissed as to the former, and the Justice rendered judgment for $106.36, with-costs, against the latter; from which she appealed to the Circuit Court, when on a trial before a jury of the county, the Justice’s judgment was affirmed; and an appeal in error, prosecuted to this Court.
The proof shows, the father of the defendant in error hired the slave, Joe, to Frank Hawkins, for the year 1861, and that his son, N. C. Humble, was then living with him. In the latter part of August, 1861, the slave returned home, and remained on the plantation and worked with the defendant in error. He did not again return to the hirer.
It also appears, that the indorsement before recited, was placed upon the obligation sued on, by the direction of the defendant in error, N. C. Humble; and that in October, 1861, Frank Hawkins, the hirer, and the defendant in error, entered into a parol agreement *533 and compromise in relation to tbe hire of Joe for the year 1861, whereby it was agreed that the latter should take the boy back, and enter a credit upon the note for the value of his services from the time he had left the service of the former, to the end of the year.
Under this state of facts, the counsel for the plaintiff in error requested the Court to instruct the jury: “If they should find from the evidence, the note sued on was given for the hire of the slave, Joe, for the year 1861, and that in the autumn of the same year, the plaintiff and Frank Hawkins made a contract or compromise, by which the plaintiff was to take said negro back for a part of said year, and the defendant was not consulted, and did not agree to said contract, then the defendant was not liable in this action.”
The Court refused so to instruct the jury; but, in substance, told them, that if the proof showed the hiring was for a year, and the note was given therefor, and that before the expiration of the year, the slave returned to the plaintiff, and he retained him for the remainder of the term for which he was hired, there could be no recovery on the note; unless it appeared that Frank Hawkins and the defendant jointly hired the negro, and executed the note as joint principals, and the plaintiff and Frank Hawkins, between themselves, had agreed that the note should be credited with a sum equal to the value of the slave’s hire for the remainder of the year; then the plaintiff would be entitled to recover the amount of the note, less the credit, from the defendant, Polly Gr. Hawkins.
*534 He further, in substance, instructed the jury, if they found Mrs. Hawkins was the security merely, on the note sued on, her principal — whether she consented to it or not — would have a right, without affecting her liability, to have the credit entered upon th'e note.
Without regard to the consideration for which the note in question was executed, by our Code, sec. 2789, all joint obligations and promises are made joint and several, and suits may be brought and prosecuted on them against all or any part of the obligors. And now, viewing this note in the light of the statute, all other questions aside, the action originally instituted against the plaintiff in error, and the personal representative of her- co-obligor, could have been well prosecuted to final judgment against the defendant in error alone. But the proof shows, beyond all controversy, the consideration for which the obligation was executed; and also it is equally apparent, at common law and by the repeated rulings of this Court, that, if the slave voluntarily abandoned the service of Erank Hawkins, without sufficient cause, and against his will, and was retained by the defendant in error, he could not have recovered in this action even for the services the boy had actually rendered: Jones vs. Jones, 2 Swan, 606; Hughs vs. Cannon, 1 Sneed, 622; Jennings vs. Camp, 13 John. Rep., 95; McMillen vs. Vanderless, 12 John. Rep., 16. Also, Read vs. Moore, 19 Ib., 340; Hoar vs. Clute, 15 Ib., 225; 2 East, 143; and Abernathy vs. Black, 2 Coldwell, 314; Ib., 620.
The right to recover on the obligation, having been *535 defeated by tbe act of tbe defendant in error, in receiving and accepting tbe services of tbe slave, who bad, without sufficient excuse, abandoned tbe service of Hawkins, it would seem to follow as a necessary logical consequence, tbaf no action could be maintained against tbe plaintiff in error, for tbe services rendered by tbe boy, except on a new contract. It was competent for ber co-obligor, Prank Hawkins, to waive bis legal rights under tbe original contract, and to decline to take advantage of the forfeiture of tbe contract; but we are wholly unable to see by what authority be was authorized to bind bis co-obligor, Mrs. Hawkins, on a new contract, made without ber knowledge or consent. She was discharged on tbe original obligation, and we are aware of no principle, by which she can be bound on a second agreement, without ber authority.
Reverse tbe judgment, and remand the cause.
*537 Owing to tbe resignations of Judges Sam. Milligan and H. H. HARRISON, on tbe 1st of September, 1868, tbe September Term of tbe Supreme Court for tbe Eastern Division of tbe State, was not held.
Reporter.
*538 L